900 F.2d 256
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Aslam Prevez ADAM, Defendant-Appellant.
 No. 89-7716.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 31, 1989.
Decided: March 29, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Chief District Judge. (CR-85-48-C)
 John W. Stokes, Jr., Lawrenceville, Ga., for appellant.
 Thomas J. Ashcraft, United States Attorney, Clifford C. Marshall, Assistant United States Attorney, Asheville, N.C., for appellee.
 W.D.N.C., 786 F.2d 1157.
 AFFIRMED.
 Before WIDENER and WILKINS, Circuit Judges, and HARRISON L. WINTER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 A jury convicted defendant of (1) conspiracy unlawfully to possess with intent to distribute approximately 492 grams of heroin in violation of 21 U.S.C. Secs. 841(a)(1) and 846; (2) possession with intent to distribute heroin in violation of 21 U.S.C. Sec. 841(a)(1); (3) conspiracy to import approximately 492 grams of heroin in violation of 21 U.S.C. Secs. 952, 960(b)(1)(14), and 963; (4) importing approximately 492 grams of heroin in violation of 21 U.S.C. Secs. 952(a), 960(b)(1)(A), and 18 U.S.C. Sec. 2; and (5) using a communication facility to facilitate the possession with intent to distribute 492 grams of heroin in violation of 21 U.S.C. Secs. 841(a) and 843(b). The proof showed that these crimes were committed prior to June 1985, so that the new sentencing guidelines are not applicable.
 
 
 2
 The district court sentenced defendant to imprisonment of ten years on the first charge, fifteen years on the second charge to run consecutively to the sentence on the first charge, fifteen years on the third charge to run consecutively to the sentence on the second charge, fifteen years on the fourth charge to run consecutively to the sentence on the third charge, and four years on the fifth charge to run concurrently with the other sentences. Thus defendant was sentenced to total imprisonment of fifty-five years. On every charge except the fifth, he received less than the maximum sentence authorized by law. Had he received the maximum sentences authorized by law to be served consecutively, he would have been sentenced to imprisonment for eighty-four years.
 
 
 3
 On appeal from the denial of his motion under 28 U.S.C. Sec. 2255, defendant contends that multiple sentences for conspiracy to possess heroin and conspiracy to import heroin were improper, as were multiple sentences for possession with intent to distribute heroin and importation of heroin. His theory is that he is being punished twice for what amounts to the same act.
 
 
 4
 We reject his argument. The Supreme Court and we have held that separate offenses involving the same or similar acts which violate different statutes may be charged and sentenced separately and consecutively. See United States v. Albernaz, 450 U.S. 333 (1981); United States v. Love, 767 F.2d 1052 (4 Cir.1985), cert. denied, 474 U.S. 1081 (1986). See also Blockburger v. United States, 284 U.S. 299 (1932); United States v. Valot, 481 F.2d 22 (2 Cir.1973). These holdings are fully applicable here.
 
 
 5
 The sentences imposed on defendant were all less than those authorized by the statutes under which he was convicted. Where a sentence is within the statutory maximum, it will not be reviewed absent extraordinary circumstances which are not present here. See United States v. Schocket, 753 F.2d 336 (4 Cir.1985). And in the absence of any other proof, the fact that defendant was sentenced to less than the maximum authorized punishment disproves his contention that the district judge had a "maximum sentence" policy.
 
 
 6
 We do not think that defendant has proved that his counsel was ineffective. The lawyer's actions complained of were nothing more than strategic decisions within the realm of professional competence. We also think that defendant failed to prove that he did not understand the proceedings against him. While he participated in the trial through an interpreter, there was no indication that he did not fully understand what was being said and what transpired.
 
 
 7
 Because we conclude that the case is fully presented in the briefs and that oral argument would not aid the decisional process, we decline to hear oral argument and decide the case summarily.
 
 AFFIRMED